**In the Matter of An Application to Enforce an Administrative Subpoena Duces Tecum of the COMMODITY FUTURES TRADING COMMISSION, Applicant,**

v.

**FIRST NATIONAL BULLION CORP. (a New York Corporation) and Stanley Merdinger, Respondents.**

Misc. No. 18–304.

United States District Court, S. D. New York.

Dec. 14, 1978.

---

Michael R. Koblenz, Regional Counsel and Michael S. Sackheim, New York City, for applicant.

Gusrae, Greene & Kaplan, New York City, for respondents by Martin H. Kaplan, New York City.

MEMORANDUM

POLLACK, District Judge.

This is an action to enforce an administrative subpoena *duces tecum* issued by the Commodity Futures Trading Commission to the First National Bullion Corporation. Respondents contend the subpoena is defective and should not be enforced. As is set forth more fully below, respondents' arguments are without merit, and the application to enforce the subpoena must be granted.

On September 22, 1978, the Commission entered an order in connection with a private investigation entitled "Possible Violations of the Commodity Exchange Act, as Amended, by Persons Conducting Business which Offer to Sell and Sell Contracts for Future Delivery Traded Other than by or through a Designated Contract Market." The order authorized specified employees of the Commission to take testimony and to compel the production of evidence relevant to the investigation. The investigation was "to determine whether any entity or entities listed in Attachment A hereto [including the respondent] or any affiliates of or persons associated with any of said entities engaged in violations of Sections 4b, 4c(b), 4d, 4h, 4m, and 4o of the Commodity Exchange Act, as amended, 7 U.S.C. §§ 6b, 6c(b), 6d, 6h, 6m, and 6o, and Regulations 30.03, 32.9, and 32.11 thereunder, 17 C.F.R. §§ 30.03, 32.9, and 32.11, or in similar acts or practices in violation of any other provisions of the Commodity Exchange Act, as amended, or Regulations thereunder."

On September 29, 1978, an employee of the Commission issued a subpoena *duces tecum* pursuant to the authority granted to him in the September 22d order. Respondents refused to comply with the subpoena after it was served, claiming it was issued unlawfully and was too broad and vague to be enforceable.

■ The parties agree that enforcement of a subpoena of an administrative agency is proper where (1) the investigation is for a proper statutory purpose; (2) the information sought is reasonably relevant to that purpose; (3) the required administrative steps have been followed; and (4) the information requested is not within the agency's possession. *United States v. Powell,* 379 U.S. 48, 57–58, 85 S.Ct. 248, 13 L.Ed.2d 112 (1964).

■ Respondents' contentions are addressed to the third criterion cited, and are in essence that the Commission has delegated an excessive proportion of its authority to its staff, and that required procedures have thus been bypassed. Respondents recognize, however, that the Commission may properly delegate the authority to engage in fact gathering and fact finding. In its order of September 22, 1978, the Commission has done just that, and has not shifted any of its basic or primary functions to its staff.

■ Respondents further argue that Section 8 of the Commodity Exchange Act, 7 U.S.C. § 12, erects a requirement that the Commission itself make an express finding that the subjects of an investigation are "persons subject to any of the provisions of this Act." This contention lacks any support in the plain language of the statute, and must be rejected.

■ Respondents contend that the order of the Commission is vague and thus is in violation of 17 C.F.R. § 11.4. which requires such an order to include a "general description of the scope of the investigation." The order does contain such a general description, as quoted above, and does not violate Regulation 11.4.

■ Respondents also argue that the Commission has failed to show that the information it seeks through the subpoena is relevant to the investigation. The Commission has submitted an affidavit of one of its Futures Trading Specialists, stating that the testimony and documents sought are relevant to the investigation. Apart from their conclusory allegations, respondents have failed to explain why any of the subpoenaed documents should be found irrelevant to an investigation of possible violations of the Commodity Exchange Act. In the absence of such an explanation, the records of a corporation trading in commod-

ity futures contracts, such as the respondent First National Bullion Corporation, must be held *prima facie* relevant to the instant investigation.

Accordingly, the application of the Commission to enforce the subpoena duces tecum as served on the respondents is granted.

SO ORDERED.